## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. JEFF AUTRY, | )<br>) |
| 2. JANNA SUE TITLER, | )<br>) |
| 3. ZACHARY DAVIS, | )<br>) |
| 4. ZANE TERRY, | )<br>) |
| 5. LARRY LEE BROWN, | )<br>) |
| Plaintiffs, | )<br>) |
| v. | )   Case No. CIV-22-54-JD<br>) |
| 1. THE BOARD OF COUNTY COMMISSIONERS<br>     OF GRADY COUNTY,<br>       a/k/a GRADY COUNTY, | )<br>)<br>)<br>) |
| 2. MICHAEL ALAN WALKER, individually | )<br>)   Jury Trial Demanded |
| Defendants. | )   Attorney Lien Claimed |

## COMPLAINT

**COME NOW THE PLAINTIFFS**, and for his cause of action herein alleges and states as follows:

## PARTIES

1. The Plaintiffs are:

    A.  JEFF AUTRY,

    B.  JANNA SUE TITLER,

    C.  ZACHARY DAVIS,

    D.  ZANE TERRY,

    E.  LARRY LEE BROWN,

.       All of whom are adult residents of Grady County, Oklahoma.

2. The Defendants are:

    A.  The Board of County Commissioners of Grady County also known as

1

    Grady County, and

  B. Michael Alan Walker, individually.

## JURISDICTION AND VENUE

3. Plaintiffs actions are for wrongful and retaliatory termination and harassment in violation of the First Amendment as made actionable by 42 U.S.C. § 1983. Plaintiffs also bring an action under the Wire Tap Act for the installation of unlawful audio recording devices as prohibited by 18 U.S.C. § 2510. The civil action for this violation is authorized by 18 U.S.C. § 2520. Jurisdiction over these actions is vested pursuant to 28 U.S.C. §§ 1331, 1343(a)(3).

4. All of the actions complained of herein occurred in Grady County, Oklahoma, and Defendants may be served in that county, wherefore venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

5. Grady County is a political subdivision of the State of Oklahoma which is sued in the name of it Board of Commissioners as is required by 19 O.S. § 4.

6. Michael Alan Walker (hereafter Walker) is the elected County Commissioner for Grady County Commissioner District No. 1.

7. The Plaintiffs are all employees or former employees of Grady County, County Commissioner District No. 1 who worked under the control Defendant Walker, the County Commissioner for that District.

8. Plaintiff Autry's job duties involved running the District 1 barn for road maintenance within that district.

9. Plaintiff Titler was office manager for Grady County District 1.

10. Plaintiff Davis was a road worker, road grader operator for Grady County District 1.

11. Plaintiff Terry was a road worker for Grady County District 1.

12. Plaintiff Brown was an assistant foreman for Grady County District 1.

13. None of job responsibilities of any Plaintiff involved working with any law enforcement officials, providing information to any law enforcement officials or engaging in any law enforcement activities.

14. Starting approximately August, 2020, the Plaintiffs Autry, Titler, Brown and Terry supplied information to the Oklahoma State Bureau of Investigation (OSBI) regarding unlawful conduct by Walker.  In September, 2020, Mr. Davis started supplying information to the OSBI.

15. In supplying information to the OSBI, each Plaintiff was acting as a private citizen and not as a county employee.  The Plaintiffs Autry, Brown, Terry and Davis did not make any reports using any county equipment or facilities.  Ms. Titler forwarded information to the OSBI on a county computer and email and prepared information regarding the specifics of embezzlement using county records.  All of the Plaintiff concealed from Defendant Walker the fact that they were making such reports.

16. Plaintiffs' reports included information regarding Walker taking and using county property for his own, personal benefit, as well as other criminal acts.

17. Based on the information the Plaintiffs supplied, Walker was arrested and charged with a felony count of embezzlement in case number CF-21-158 (Grady County).  On May 27, 2021, on or about the time he was arrested, Walker told the Plaintiff Titler that it didn't look good for her and told Plaintiff Autry that Titler had really screwed up.  That felony charge is still pending and, to Plaintiffs' knowledge, is preliminary set for trial in January, 2022.

18. Up until approximately October 25, 2021, Defendant Walker believed that the Plaintiff Autry was "on his side" and not involved in the criminal investigation and charges against him. In September 2020, Defendant advised the Plaintiff

        Autry that he (Defendant Walker) intended to take action against anyone who was cooperating with the criminal investigation. Defendant continued to make such statements to Plaintiff and to other employees through the end of Plaintiff's employment.

19. As part of Defendant Walker's effort to learn who was supplying information to the OSBI, Walker surreptitiously installed audio recording devices in the office of the Plaintiff Titler at the District Barn and in Plaintiff Autry's office in the district barn. Defendant recorded conversations involving the Plaintiffs Titler and Autry and is believed to have recorded conversations of the remaining Plaintiffs when they were in either Titler's or Autry's office or the District Barn. The surveillance equipment was purchased with county money and the equipment was installed at least by November, 2021.

20. Defendant Walker installed such devices to unlawfully eavesdrop on private conversations in order to learn about the OSBI investigation.

21. Walker, as the elected County Commissioner for Grady County Commission District No. 1, is the final decision-maker and policy-maker for the hiring and firing of employees in Commissioner District No. 1 and particularly for each of the Plaintiffs.

22. At least by November, 2021, Defendant Walker began suspecting that the Plaintiff Autry was involved in supplying information for the criminal investigation and made the statement that he was going to fire Janna Titler (the secretary) and the Plaintiff. Defendant Walker stated that he was going to fire Ms. Titler as soon as this was all over and was going to fire the Plaintiff after he (Walker) filed for re-election in 2022.

23. Walker, exercising his power as the final decision-maker/policy-maker for Grady County, terminated the employment of Plaintiffs Autry, Titler, and

      Brown on December 27, 2021. Plaintiff Davis, was fired on or about December 29, 2021. Plaintiff Terry has not yet been terminated, but Plaintiff Terry had suffered retaliation and harassment for his cooperation in the investigation around October of 2021. The retaliation and harassment was in the form of yelling, screaming, acting in an assaultive behavior (Walker had physically assaulted Terry in the past), following the Terry and watching all of the Plaintiffs through an subordinate watching with binoculars. The harassment became so severe that Plaintiff Terry was required to take off work starting December 28, 2021 due to stress.

24. The reason why Walker terminated the four Plaintiffs and harassed Plaintiff Terry was in retaliation for Plaintiffs' protected reports of criminal activity by Walker.

25. As the direct result of Walker's termination of the Plaintiffs, each Plaintiff has suffered lost earnings past, present and future. Moreover, each Plaintiff has suffered emotional distress as the result of Defendant's conduct. At the time of the termination of Plaintiff Autry and Plaintiff Brown, Mr. Walker had deputies present and threatened that each Plaintiff would be criminally prosecuted if either Plaintiff ever appeared on the county property again. Plaintiffs have witnessed Defendant Walker engaging in physically harmful actions in assaulting employees and also has witnessed Defendant Walker coming to work intoxicated. As a result, each Plaintiff has suffered emotional distress not only over the termination of his employment but also for fear of physical harm when Walker learned of Plaintiffs' reports.

26. Because the actions of Defendant Walker were taken pursuant to his authority as the final policy-maker/decision-maker regarding each Plaintiff's employment, the County is liable along with Walker for all the damages each

Plaintiff has suffered.

27. Because Walker's actions were malicious and an intentional violation of Plaintiffs' federally protected rights, each Plaintiff is entitled to an award of punitive damages against Walker individually. None of the Plaintiffs seek punitive damages against the County.

28. Because Walker unlawfully and with malicious intent intercepted private conversations involving the Plaintiff and unlawfully placed a recording device in the offices of Plaintiff's Autry and Titler, each Plaintiff is entitled to statutory damages in the amount of Ten Thousand Dollars ($10,000.00) from both Walker and the County, and an additional amount against Walker alone as punitive damages.

## **PRAYER**

**WHEREFORE**, each Plaintiff prays that:

1. For the First Amendment violation, each be awarded all of his actual damages from all Defendants, both Walker and the County, together costs, interest and attorney's fees together with reinstatement.

2. For the First Amendment violation, each Plaintiff claims a right to an award punitive damages against Defendant Walker in his individual capacity.

3. For the violation of the Wire Tap Act (18 U.S.C. §§ 2510, et seq), each Plaintiff prays that he or she be awarded statutory damages in the amount of Ten Thousand Dollars ($10,000) together costs, interests and punitive damages.

**RESPECTFULLY SUBMITTED THIS 19TH DAY OF JANUARY 2022.**

                                  HAMMONS, HURST& ASSOCIATES

                                  s/ Mark Hammons
Mark Hammons, OBA No. 3784
Amber L. Hurst, OBA No. 21231
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
Email: taylor@hammonslaw.com
*Counsel for Plaintiff*

Jury trial demanded
Attorney Lien Claimed